HAL E. ROACH STUDIOS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29227.   Promulgated September 23, 1930.

*A. Calder Mackay, Esq., Benjamin W. Shipman, Esq.,* and *George M. Thompson, C. P. A.,* for the petitioner.

*James L. Backstrom, Esq.,* and *C. H. Curl, Esq.,* for the respondent.

918

OPINION.

VAN FOSSAN: In methods of operation, standards of expenditure and concept of relative money values it is not perhaps too much to say that the moving picture industry is *sui juris*. Its criteria of what are ordinary and necessary expenditures are very different from most businesses. Thus it is that the building by petitioner of a small yacht for use in the production of marine pictures was under the circumstances of this case entirely understandable. In fact, we do not understand respondent to question petitioner's judgment in so doing. The only question is whether the expense of upkeep and operation was an ordinary and necessary expense.

Since the acquisition of a yacht for use in petitioner's business was a proper business investment, it would seem to follow that the expense of its upkeep and operation would ordinarily be properly chargeable to the business. See *E. E. Dickinson*, 8 B. T. A. 722. An exception to this conclusion, however, arises in the case of personal use.

The facts show that the petitioner acquired the boat solely for business purposes; that it used it in the making of a series of pictures; that after the failure of these pictures to sell petitioner made little use of the boat in its business. The evidence further establishes that the boat was used to an undetermined extent by various persons for pleasure, but that at such times all expense for food and supplies was personally paid, and that the only considerable expense paid by the petitioner which would otherwise not have been incurred was for fuel oil.

It is a well known fact, and the evidence here is to the same effect, that a boat deteriorates in condition and value very rapidly if not kept constantly in first-class shape. The expense of so doing would be a normal and proper expense of petitioner's business.

Albeit the boat was not used more than a dozen times for picture production, it was at all times kept available, and had the boat not been used at all for pleasure much of the expense of maintenance would have been incurred nevertheless.

Though the evidence was not precise on the relative costs incurred for business and pleasure use, we are satisfied that at least one-half of the expense was an ordinary and necessary expense of petitioner's business, and accordingly we allow the sum of $8,776.67 as a deduction.

*Decision will be entered under Rule 50.*